IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br><br>vs.<br><br>MANI PANOAM DENG,<br>　　　　　Defendant. | CASE NO: **4:23MJ3041**<br><br>**DETENTION ORDER** |

　　　The defendant is charged with a felony involving possession or use of a firearm, destructive device, or other dangerous weapon. On the government's motion, the court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). The court concludes the defendant must be detained.

　　　The court finds that the evidence supporting the crime charged is substantial. Based on the evidence currently before the court:[1]

　　　　Defendant is a member of the Trip Set gang—a gang suspected of committing multiple shootings, including drive-by shootings and at least 5 homicides since October 2021. Guns used in shootings were purchased by or traced to Defendant Deng. As to one of the drive-by shootings, the victim's description of the shooter's vehicle matches Defendant's vehicle.

　　　　When Defendant's apartment was searched on January 28, 2022, law enforcement found marijuana and a Glock 17 which was unlawfully purchased in Nebraska. At the time of the search, Diew Deng was staying in Defendant Deng's apartment. Law enforcement found additional firearms and firearm accessories in Diew Deng's room. Marijuana was found in the common areas of the apartment. Defendant Deng admitted to

---

[1] The court is describing the evidence against the defendant. He remains innocent until proven guilty.

officers that he frequently uses marijuana and had done so for some time. He admitted smoking marijuana that morning.

At the time of his arrest, Defendant attempted to flee from law enforcement out a back hallway. When then confronted by law enforcement, he immediately retreated back into his apartment. Thereafter, law enforcement repeatedly instructed the defendant to come out of the apartment, but Defendant refused to do so for several minutes.

In addition to the foregoing evidence, Defendant has a criminal history of violating the law and court orders; has violated conditions of release previously imposed by a court; has a history of harming or threatening harm to others; is addicted to or abuses mood-altering chemicals; has limited employment contacts; and has failed to appear for court proceedings in the past.

Based on the evidence presented and information of record, the court finds by a preponderance of the evidence that the defendant's release would pose a risk of nonappearance at court proceedings, and by clear and convincing evidence that the defendant's release would pose a risk of harm to the public.

Upon consideration, the court finds that conditions which restrict Defendant's travel, housing, and movements, his personal contacts, and his possession of drugs, alcohol, and/or firearms; which require reporting, education, employment, or treatment; and which require monitoring Defendant's movements or conduct—or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c))—will not sufficiently ameliorate the risks posed if the defendant is released.

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to

the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

      Dated April 5, 2023.

                                    BY THE COURT:

                                    *s/ Cheryl R. Zwart*
                                    United States Magistrate Judge